**PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,** Plaintiff–Appellee,

v.

**Peter E. WALSH, Acting Commissioner, Maine Department of Human Services and G. Steven Rowe, Attorney General for the State of Maine, Defendants–Appellees,**

v.

**Edwin D. Schindler, Non Party Movant–Appellant.**

No. 03–1499.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 3, 2003.

Before CLEVENGER, RADER, and SCHALL, Circuit Judges.

CLEVENGER, Circuit Judge.

*ORDER*

Edwin D. Schindler responds to the court's order directing him to show cause why his appeal should not be transferred to the United States Court of Appeals for the First Circuit.

In order for this court to have jurisdiction over Schindler's appeal of the order of the United States District Court for the District of Maine denying his motion for leave to intervene, the district court's jurisdiction must have arisen under the patent laws. 28 U.S.C. §§ 1295(a)(1) and 1338. In *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826,

**328**

830, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002), the Supreme Court held:

> The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331. As "appropriately adapted to § 1338(a)," the well-pleaded-complaint rule provides that whether a case "arises under" patent law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration...." The plaintiff's well-pleaded complaint must "establis[h] either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law...."

(Citations omitted.)

In this case, plaintiff Pharmaceutical Research and Manufacturers of America's complaint is devoid of any patent claims and, thus, the district court's jurisdiction was not based on § 1338. Notwithstanding Schindler's assertion that his "Intervenor's Complaint," if allowed, would contain patent claims, jurisdiction is not properly before this court. *Cf. Fuller v. Volk*, 351 F.2d 323, 327 (3d Cir.1965) (holding that the "original plaintiffs," versus the intervenors, "must bring their case within the ambit of federal question jurisdictional provisions, 28 U.S.C. § 1331, in order that this court and the court below may have jurisdiction").

Accordingly,

IT IS ORDERED THAT:

This case is transferred to the United States Court of Appeals for the First Circuit pursuant to 28 U.S.C. § 1631.